RECALL BLANCHARD COMMITTEE v SECRETARY OF STATE

Docket No. 84657. Submitted August 21, 1985, at Detroit.—Decided
October 7, 1985. Leave to appeal denied, 424 Mich 874.

The Recall Blanchard Committee (Committee) sought the recall of
Governor James Blanchard because he had signed into law an
increase in the state income tax. On April 18, 1983, the
Oakland County Election Commission authorized the circula-
tion of a petition by the Committee seeking to place the recall
issue on the ballot. On July 28, 1983, the Committee filed a
complaint in the Oakland Circuit Court against the Secretary
of State seeking a declaratory judgment, and on December 5,
1984, the Committee filed an amended complaint for a declara-
tory judgment regarding the constitutionality of certain statu-
tory provisions relating to such a recall. The Secretary of State
moved for an accelerated judgment. The trial court, Robert L.
Templin, J., determined that the court lacked jurisdiction and
granted an accelerated judgment. The Committee's motion for
reconsideration was thereafter denied. The Committee appeals
from the orders granting the motion for accelerated judgment
and denying its motion for reconsideration. *Held:*

1. The trial court correctly determined that it lacked jurisdic-
tion to hear the Committee's claims since there was no actual
controversy so as to empower the trial court to reach the
merits of the Committee's action for declaratory judgment. Any
actual injury or losses to the Committee have not yet occurred
and are contingent on the Committee's filing of petitions with
the Secretary of State.

2. A declaratory judgment was not necessary to guide the
Committee's future conduct with regard to its statutory chal-
lenges which had not become moot.

Affirmed.

1. DECLARATORY JUDGMENTS — CASE OF ACTUAL CONTROVERSY —
    CONSTITUTIONAL LAW — COURT RULES.
    A circuit court is empowered to issue a declaratory judgment only

REFERENCES FOR POINTS IN HEADNOTES
[1] Am Jur 2d, Declaratory Judgments §§ 10-12.
See the annotations in the ALR3d/4th Quick Index under Declara-
tory Judgments.
[2] Am Jur 2d, Declaratory Judgments § 8.

where a case of actual controversy exists; a circuit court lacks subject-matter jurisdiction to enter a declaratory judgment where no case of actual controversy exists; a case of actual controversy generally does not exist where the injury sought to be prevented is merely hypothetical, however, a declaratory judgment is appropriate in some instances where actual injuries or losses have not yet occurred but, in such cases, an actual controversy will be found to exist only where a declaratory judgment is necessary to guide a litigant's future conduct in order to preserve the litigant's legal rights (Const 1963, art 6, § 13; MCR 2.605[A]).

2. DECLARATORY JUDGMENTS — COURT RULES — JUDICIAL CONSTRUCTION.

The court rule on declaratory judgments is intended to be liberally construed to provide a broad, flexible remedy to increase access to the courts (MCR 2.605[A]).

John Lauve, *in propria persona* and on the behalf of the Recall Blanchard Committee, for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard P. Gartner* and *Gary P. Gordon,* Assistants Attorney General, for defendant.

Before: MacKENZIE, P.J., and CYNAR and H. E. DEMING,* JJ.

H. E. DEMING, J. On April 18, 1985, Oakland County Circuit Court Judge Robert L. Templin entered an order granting defendant Secretary of State's motion for accelerated judgment on the ground that the circuit court lacked subject-matter jurisdiction over plaintiff Recall Blanchard Committee's complaint for delaratory relief. Plaintiff appeals as of right from the grant of accelerated judgment and from the trial court's denial of plaintiff's motion for reconsideration. We affirm.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On April 18, 1983, the Oakland County Election Commission authorized the circulation of a petition by plaintiff, Recall Blanchard Committee (Committee). The Committee was seeking the recall of Governor James Blanchard because he had signed into law a 30% increase in the state income tax. Pursuant to MCL 168.961; MSA 6.1961, the Committee was limited to a 90-day period in which to obtain 760,002 valid signatures and submit the signatures to defendant, Secretary of State. Any signatures not obtained during the 90-day period were not to be counted by the Secretary of State in determining whether a sufficient number of signatures were presented to place the recall issue on the ballot.

On July 28, 1983, the Committee filed a complaint with the Oakland County Circuit Court seeking a declaratory judgment. The Committee filed an amended complaint on December 5, 1984, which set forth four theories allegedly justifying the granting of declaratory relief. In Count I, the Committee alleged that the 90-day "freshness" requirement of MCL 168.961; MSA 6.1961 was unconstitutional. In Count II, the Committee contended that the statute was enacted in violation of the "Change of Purpose" clause of art 4, § 24 of the Michigan Constitution. In Count III, the Committee asserted that §§ 951, 952, 954, 957, and 961 of the Michigan Election Law, MCL 168.1 *et seq.;* MSA 6.1001 *et seq.,* which pertained to the recall process, were unconstitutional. Finally, in Count IV, the Committee contended that the statutory requirements imposed on recall petitions were harsher than the requirements for nominating petitions and were therefore unconstitutional as violative of equal protection.

The Secretary of State, on December 26, 1984, filed an answer to the amended complaint, gener-

ally denying the Committee's legal conclusions and asserting several affirmative defenses. On the same day, the Secretary of State also moved for accelerated judgment, pursuant to GCR 1963, 116.1(2) and (3) [MCR 2.116(C)(4) and (5)], on the grounds that the trial court lacked jurisdiction over the subject matter of the amended complaint, in that an actual controversy did not exist and the Committee, as a political committee, lacked legal capacity to sue.

A hearing on the motion for accelerated judgment was conducted on March 18, 1985. Following oral argument, Judge Templin granted the Secretary of State's motion and delivered the following opinion from the bench:

"* * * [T]here's no question that as Defendant contends that there must be an actual controversy existing to give this court jurisdiction.

"Now the Plaintiff has not denied that a minimum of seven hundred sixty thousand approximately valid signatures are required and must be submitted to the Secretary of State to place the question of recalling Governor Blanchard on the ballot. And Plaintiff admits it doesn't have the requisite number of valid signatures, but sort of asserts that sometime in the future it may have the requisite number of signatures. But unfortunately for this court to consider the matter, the requisite number of signatures in this court's opinion must be filed by this time. And the issue of the validity and constitutionality of the other statutes being challenged by Plaintiff is irrelevant because the Plaintiff hasn't fulfilled the primary conditions of obtaining the requisite number of signatures. So as far as this court is concerned, this court lacks jurisdiction and I'm going to grant the motion of the Defense for accelerated judgment."

The Committee subsequently filed a motion for reconsideration. The trial court, noting that the

Committee did not attack the constitutional valid-
ity of the provision which requires 760,002 signa-
tures, denied the Committee's motion. Orders
granting the Secretary of State's motion for accel-
erated judgment and denying the Committee's
motion for reconsideration were entered on April
18, 1985.

The sole issue presented to this Court on appeal
is whether there was an actual controversy so as
to empower the trial court to reach the merits of
the Committee's action for declaratory judgment.
As authorized by art 6, § 13 of the Michigan
Constitution, MCR 2.605(A) empowers the circuit
court to issue a declaratory judgment only where a
case of actual controversy exists. Where no case of
actual controversy exists, the circuit court lacks
subject-matter jurisdiction to enter a declaratory
judgment. See *Shavers v Attorney General,* 402
Mich 554, 588; 267 NW2d 72 (1978).

GCR 1963, 521.1, the predecessor of MCR
2.605(A), similarly limited the circuit court's power
to issue declaratory judgments to actions where
there is "a case of actual controversy". Cases
decided under GCR 1963, 521.1 indicate that gen-
erally a case of actual controversy does not exist
where the injury sought to be prevented is merely
hypothetical. *Shavers, supra,* p 589. The declara-
tory judgment rule is intended to be liberally
construed to provide a broad, flexible remedy to
increase access to the courts, and in some in-
stances a declaratory judgment is appropriate even
though actual injuries or losses have not yet oc-
curred. But, in such cases, an actual controversy
will be found to exist only where a declaratory
judgment is necessary to guide a litigant's future
conduct in order to preserve the litigant's legal
rights. *Shavers, supra; Bane v Pontiac twp,* 343
Mich 481; 72 NW2d 134 (1955); *United States*

*Aviex Co v Travelers Ins Co,* 125 Mich App 579, 585; 336 NW2d 838 (1983); *Delta County v Dep't of Natural Resources,* 118 Mich App 458, 469; 325 NW2d 455 (1982).

In the instant case, the Committee challenges the constitutionality of eight statutory provisions: (1) the 90-day limit on obtaining signatures (MCL 168.961; MSA 6.1961); (2) the prohibition on filing a petition against an elected officer prior to the officer's having been in office for six months (MCL 168.951; MSA 6.1951); (3) the requirement that proposed petitions be submitted to the Board of County Election Commissioners for determination of whether the reasons for recall are stated with sufficient clarity in the proposed petition (MCL 168.952[2]; MSA 6.1952[2]); (4) the requirement that a petition be sponsored by a registered voter prior to being submitted to the Board of County Election Commissioners (MCL 168.952[1]; MSA 6.1952[1]); (5) & (6) the requirement that the petition be signed by registered voters and the requirement that the signatures be verified by the city or township clerk as being those of registered voters (MCL 168.954, 168.961; MSA 6.1954, 6.1961); (7) the requirement that a person circulating a petition be registered voter (MCL 168.957; MSA 6.1957); and (8) the imposition of a penalty, payment of the elction expenses of the preceding special election, upon refiling a recall petition against the same officer in the same term after the holding of a special election on the original recall petition (MCL 168.969; MSA 6.1969).

The Committee does not, however, challenge the validity of the constitutional and statutory requirement that a petition contain valid signatures equal to 25% of the number of votes cast for the gubernatorial candidates in the preceding general election. Const 1963, art 2, § 8; MCL 168.955; MSA

6.1955. Here, the minimum number of signatures required has been acknowledged by the Committee to be 760,002. There has been no evidence presented that the Committee has submitted, as yet, *any* signatures for counting or verification. Accordingly, no petition has been rejected by the Secretary of State as being insufficient on the basis of any of the challenged statutory provisions. Therefore, any actual injury or losses have not yet occurred and are contingent on the Committee's filing of petitions with the Secretary of State.

We note that several of the Committee's challenges have become moot. Specifically, we refer to challenges (2), (3) and (4) because the Board of County Election Commissioners has already approved the Committee's proposed petition and Governor Blanchard has been in office for well over six months. We do not feel that a declaratory judgment is necessary to guide the Committee's future conduct with regard to the rest of its statutory challenges. The Committee's task, while perhaps not easy, is straightforward: to collect the requisite number of signatures to create a justiciable case of controversy. Until that time, we are in agreement with the trial court that the court lacks jurisdiction to hear the Committee's claims.

Affirmed. No costs, a public question being involved.