FIEGER v COMMISSIONER OF INSURANCE

Docket No. 98305. Submitted August 18, 1988, at Detroit. Decided November 1, 1988.

Plaintiffs, Geoffrey N. Fieger, an attorney, and Dennis Fuller, Fieger's law clerk, brought an action in the Wayne Circuit Court against defendants, the Commissioner of Insurance, the Treasurer for the State of Michigan, and others, seeking a declaratory judgment and injunctive relief on behalf of themselves and all other persons similarly situated within the State of Michigan. Plaintiffs alleged that certain provisions of 1986 PA 178, regarding medical malpractice litigation, were unconstitutional. The trial court, William J. Giovan, J., finding that plaintiffs had no actual case or controversy, determined that plaintiffs lacked standing to challenge the act and entered an order dismissing the action. Plaintiffs appealed.

The Court of Appeals *held:*

1. Fieger has no standing to secure an adjudication of his clients' constitutional rights which they do not assert on their own behalf. To the extent that Fieger's claim rests on the constitutional rights of his clients or other third parties, he is without standing to obtain declaratory relief.

2. The hypothetical economic injuries alleged by Fieger do not convey standing to Fieger and do not create a justiciable actual controversy.

3. A declaratory judgment is not necessary to guide Fieger's future conduct in order to preserve his rights. Regardless of the liberal policy underlying the declaratory judgment rule, a plaintiff must still allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of other possible litigants.

Affirmed.

1. DECLARATORY JUDGMENTS — CASE OF ACTUAL CONTROVERSY.

A circuit court lacks subject matter jurisdiction to enter a declar-

REFERENCES

Am Jur 2d, Declaratory Judgments §§ 33 *et seq.*

Supreme Court's views as to party's standing to assert rights of third persons (jus tertii) in challenging constitutionality of legislation. 50 L Ed 2d 902.

atory judgment where no case of actual controversy exists; a case of actual controversy generally does not exist where the injuries sought to be prevented are merely hypothetical (MCR 2.605[A]).

2. DECLARATORY JUDGMENTS — CASE OF ACTUAL CONTROVERSY.

A declaratory judgment is appropriate in some instances even though actual injuries or losses have not yet occurred; in such cases, an actual controversy will be found to exist only where a declaratory judgment is necessary to guide a litigant's future conduct in order to preserve the litigant's legal rights; what is essential to an actual controversy is that the plaintiff plead and prove facts which indicate an adverse interest necessitating a sharpening of the issues raised (MCR 2.605[A]).

3. ACTIONS — STANDING TO BRING ACTION.

A plaintiff must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties; a plaintiff must still allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of other possible litigants.

4. ATTORNEY AND CLIENT — STANDING TO BRING ACTION.

An attorney has no standing to secure an adjudication of his clients' constitutional rights which they do not assert on their own behalf.

*Fieger & Fieger, P.C.* (by *Geoffrey N. Fieger*), for plaintiffs.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, and *A. Michael Leffler*, Assistant-in-Charge, Tort Defense Division, and *Eric J. Eggan*, Assistant Attorney General, for defendants.

Before: DOCTOROFF, P.J., and WAHLS and T. L. BROWN,* JJ.

PER CURIAM. Plaintiffs, Geoffrey N. Fieger, an attorney, and Dennis Fuller, Fieger's law clerk at times relevant to this appeal, appeal from the trial

* Circuit judge, sitting on the Court of Appeals by assignment.

court's order of January 12, 1987, dismissing their complaint for declaratory action and equitable relief on the grounds that plaintiffs lacked standing to challenge the provisions of 1986 PA 178, that being MCL 600.1483 *et seq.*; MSA 27A.1483 *et seq.* Plaintiffs appeal from this order and claim that they have standing to challenge the constitutionality of the act because they have suffered noneconomic and economic injury and because judicial efficiency and state policy mandate that finding. We disagree and affirm.

1986 PA 178 amends and adds sections to the Revised Judicature Act, particularly regarding medical malpractice litigation. Plaintiffs filed suit and alleged that certain provisions of 1986 PA 178 were unconstitutional. In November, 1986, plaintiffs filed a motion for an order to show cause, seeking an injunction against the enforcement of the new reforms during the pendency of the litigation. Plaintiffs' amended complaint alleged that plaintiffs brought this suit on behalf of themselves and all other persons similarly situated within the State of Michigan. A show cause hearing was held, following which the trial court determined that plaintiffs lacked standing to challenge the act. The court stated that plaintiffs had no actual case or controversy. There was no controversy between parties whose rights would be affected by the outcome of the dispute. Neither plaintiff had asserted a personal claim nor was Fieger filing as attorney on behalf of someone else. Even if plaintiff Fieger was representing an injured party, the standing would not be Fieger's but would be the party's.

MCR 2.605(A) states:

(A) Power To Enter Declaratory Judgment.
(1) In a case of actual controversy within its

jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted.

(2) For the purpose of this rule, an action is considered within the jurisdiction of a court if the court would have jurisdiction of an action on the same claim or claims in which the plaintiff sought relief other than a declaratory judgment.

Where no case of actual controversy exists, the circuit court lacks subject matter jurisdiction to enter a declaratory judgment. *Shavers v Attorney General,* 402 Mich 554, 588; 267 NW2d 72 (1978), cert den sub nom *Allstate Ins Co v Kelley,* 442 US 934 (1979). GCR 1963, 521.1, the predecessor of MCR 2.605(A), similarly limited the circuit court's power to issue declaratory judgments to actions where there is a "case of actual controversy." Cases decided under GCR 1963, 521.1 indicate that generally a case of actual controversy does not exist where the injuries sought to be prevented are merely hypothetical. *Shavers, supra,* p 589. There must be an actual injury or loss. *Recall Blanchard Committee v Secretary of State,* 146 Mich App 117, 121-123; 380 NW2d 71 (1985).

The declaratory judgment rule is intended to be liberally construed to provide a broad, flexible remedy to increase access to the courts, and in some instances a declaratory judgment is appropriate even though actual injuries or losses have not yet occurred. But, in such cases, an actual controversy will be found to exist only where a declaratory judgment is necessary to guide a litigant's future conduct in order to preserve the litigant's legal rights. *Shavers, supra; Crawford Co v Secretary of State,* 160 Mich App 88, 92-93; 408 NW2d 112 (1987). What is essential to an actual contro-

versy is that plaintiff plead and prove facts which indicate an adverse interest necessitating a sharpening of the issues raised. *Id.* The plaintiff must allege and prove an actual justiciable controversy. *Shavers, supra,* p 589.

On appeal, plaintiff Fieger states that he has standing to challenge the constitutionality of certain provisions of 1986 PA 178 because he has suffered actual injury. First, Fieger claims noneconomic injury to his right and ability to function effectively as an attorney, and that his ability to protect the constitutional rights of his clients has been hampered because the act is unconstitutional. We disagree that this confers standing upon Fieger. A plaintiff must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties. *Warth v Seldin,* 422 US 490, 499; 95 S Ct 2197; 45 L Ed 2d 343 (1975); *Tileston v Ullman,* 318 US 44; 63 S Ct 493; 87 L Ed 603 (1943).

We hold that Fieger has no standing to secure an adjudication of his clients' constitutional rights which they do not assert on their own behalf. *Tileston, supra,* p 46. To the extent that Fieger's claim rests on the constitutional rights of his clients or other third parties, he is without standing to obtain declaratory relief.

Next, Fieger claims economic injury because, as a result of the unconstitutional provisions of 1986 PA 178, he must spend time counseling each new medical-malpractice plaintiff. This time would ordinarily have been spent preparing other aspects of the case or in preparing other cases. Further, he asserts that additional expenses are incurred pursuant to the provision of the act which requires affidavits of merit. MCL 600.2912d; MSA 27A.2912(4). We find these to be hypothetical injuries which do not convey standing to Fieger. An

attorney is required to counsel clients in regard to the applicable law in any case. Filing charges and other expenses incurred in the initiation of litigation are not unique or uncommon. We hold that this alleged economic injury does not create a justiciable actual controversy.

Finally, Fieger contends that judicial efficiency and state policy mandate that he has standing. He claims that, by conferring standing upon him, the thousands of hours spent by judges, attorneys and clients litigating the numerous challenges to the act which will undoubtedly arise and the costs incurred will be avoided. The settling of Fieger's challenge to the statute will allegedly obviate the need for multiple suits by other parties. Further, because of the liberal policy underlying the declaratory judgment rule, to make the courts more accessible to the people, *Shavers, supra,* p 588, it allegedly behooves this Court to find that plaintiff has standing.

We find that this is not a situation where a declaratory judgment is necessary to guide Fieger's future conduct in order to preserve his rights. We hold that, regardless of the liberal policy underlying the declaratory judgment rule, a plaintiff must still allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of other possible litigants. Without such limitation, courts would be continually called upon to decide abstract questions on hypothetical issues. *Warth, supra,* p 500. The existence of an "actual controversy" is a condition precedent to invocation of declaratory relief. *Shavers, supra,* p 588.

Affirmed.