# STATE OF MICHIGAN

# COURT OF APPEALS

CITIZENS UNITED AGAINST CORRUPT
GOVERNMENT,

UNPUBLISHED
December 4, 2014

Plaintiff-Appellant,

v

No. 313811
Oakland Circuit Court

TROY CITY COUNCIL,

LC No. 2012-129214-CZ

Defendant-Appellee.

Before: GLEICHER, P.J., and SAAD and FORT HOOD, JJ.

PER CURIAM.

In this action under the Open Meetings Act (OMA), MCL 15.261 *et seq*., plaintiff, Citizens United Against Corrupt Government, appeals as of right the trial court's judgment granting defendant, Troy City Council's, motion for summary disposition under MCR 2.116(C)(4). We affirm.

The instant appeal arises from a closed session meeting held by defendant on August 15, 2012, for the stated purpose of reviewing applications for the position of City Manager and selecting finalists who would then be interviewed at a subsequent open meeting. Following the closed meeting, five finalist candidates were announced. On August 29, 2012, defendant held an open meeting and, after public interviews, selected a new City Manager. On September 4, 2012, plaintiff requested a copy of the minutes from the August 15, 2012 closed session, but defendant denied the request on the basis that the OMA did not warrant disclosure. Plaintiff then filed this lawsuit seeking injunctive relief and a declaratory judgment that defendant violated the OMA by holding the August 15, 2012 closed session and that the minutes from that session should be disclosed. Although defendant declared that the closed session was authorized under Section 8(f) of the OMA, MCL 15.268(f), which allows a "public body" to hold a closed session to "review and consider the contents of an application for employment . . . if the candidate requests that the application remain confidential[,]" plaintiff alleged in its complaint that the August 15, 2012 meeting was not properly held because a public body must conduct all "deliberations" and make all "decisions" at a meeting open to the public. MCL 15.263(2), (3). Defendant then moved the trial court for summary disposition pursuant to MCR 2.116(C)(4) on the basis that plaintiff failed to establish an "actual controversy" as required under MCR 2.605, the rule governing declaratory judgments, and consequently the trial court lacked subject-matter jurisdiction. The trial court agreed and dismissed plaintiff's complaint.

-1-

Plaintiff argues that the trial court erred in granting summary disposition to plaintiff pursuant to MCR 2.116(C)(4) because an actual controversy pursuant to MCR 2.605 existed. We disagree.

Case law indicates that the existence of an actual controversy pursuant to MCR 2.605 implicates both subject-matter jurisdiction and standing.[1] This Court reviews decisions on motions for summary disposition and jurisdiction questions under MCR 2.116(C)(4) de novo. *Durcon Co v Detroit Edison Co*, 250 Mich App 553, 556; 655 NW2d 304 (2002). We also review de novo the legal question of whether a party has standing. *UAW v Central Mich Univ Trustees*, 295 Mich App 486, 493; 815 NW2d 132 (2012).

A litigant must meet the requirements of MCR 2.605 in order to seek a declaratory judgment. *Lansing Schools Educ Ass'n v Lansing Bd of Educ*, 487 Mich 349, 373; 792 NW2d 686 (2010). While plaintiff had standing pursuant to Section 11 of the OMA, MCL 15.271,[2] plaintiff's lawsuit requested a declaratory judgment,[3] so it must meet the requirements of MCR 2.605. *Id.* MCR 2.605(A)(1) provides, in relevant part:

> In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted.

---

[1] "[W]henever a litigant meets the requirements of MCR 2.605, it is sufficient to establish standing to seek a declaratory judgment." *Lansing Sch Educ Ass'n v Lansing Bd of Educ*, 487 Mich 349, 372; 792 NW2d 686 (2010). "In the absence of an actual controversy, the trial court lacks subject-matter jurisdiction to enter a declaratory judgment." *Lansing Sch Educ Ass'n v Lansing Bd of Educ (On Remand)*, 293 Mich App 506, 515; 810 NW2d 95 (2011), citing *Leemreis v Sherman Twp*, 273 Mich App 691, 703; 731 NW2d 787 (2007). "MCR 2.605 does not limit or expand the subject-matter jurisdiction of the courts, but instead incorporates the doctrines of standing, ripeness, and mootness." *UAW v Central Mich Univ Trustees*, 295 Mich App 486, 495; 815 NW2d 132 (2012) (internal quotation marks and citation omitted).

[2] MCL 15.271 "allows an individual to commence a civil action for injunctive relief to either compel compliance with the OMA or enjoin further noncompliance with the act." *Detroit News, Inc v Detroit*, 185 Mich App 296, 300; 460 NW2d 312 (1990).

[3] We note that plaintiff did request injunctive relief pursuant to the OMA in count III of its complaint. However, the trial court denied that request and dismissed the count pursuant to MCR 2.116(C)(8). Plaintiff does not challenge that decision on appeal or raise an alleged error regarding the trial court's decision on that count in its question presented. The appellant must identify his issues in his brief in the statement of questions presented. MCR 7.212(C)(5). Ordinarily, no issue will be considered that is not set forth in the statement of questions presented. *Mich Ed Ass'n v Secretary of State*, 280 Mich App 477, 488; 761 NW2d 234 (2008), aff'd 489 Mich 194 (2011).

Pursuant to MCR 2.605, "[t]he existence of an 'actual controversy' is a condition precedent to invocation of declaratory relief." *Lansing Schools Educ Ass'n v Lansing Bd of Educ (On Remand)*, 293 Mich App 506, 515; 810 NW2d 95 (2011) (citation omitted). "An actual controversy exists when declaratory relief is needed to guide a plaintiff's future conduct in order to preserve the plaintiff's legal rights." *Id*. at 515, citing *Citizens for Common Sense in Gov't v Attorney Gen*, 243 Mich App 43, 55; 620 NW2d 546 (2000). "The essential requirement of the term 'actual controversy' under the rule is that plaintiffs plead and prove facts that demonstrate an adverse interest necessitating the sharpening of the issues raised." *UAW*, 295 Mich App at 495 (citation and internal quotation marks omitted). "Generally, where the injury sought to be prevented is merely hypothetical, a case of actual controversy does not exist." *Citizens for Common Sense*, 243 Mich App at 55.

We hold that plaintiff did not establish an actual controversy pursuant to MCR 2.605. Even though defendant's closed session may have violated plaintiff's rights, declaratory judgment in this circumstance would not guide plaintiff's future conduct in order to preserve plaintiff's legal rights. The alleged injuries—the improper holding of a closed session and the improper withholding of the minutes of that session—have already occurred. See *Lansing Schools Educ Ass'n*, 293 Mich App at 516. Plaintiff does not seek to prevent further injury, only to see the minutes from the August 15, 2012 closed session and a declaration that the session was improperly held. Any future injury plaintiff would seek to prevent is merely hypothetical, especially given plaintiff's very specific request for relief, which only related to the August 15, 2012 closed session. See *Citizens for Common Sense*, 243 Mich App at 55. Thus, we are unconvinced that a declaratory judgment would guide plaintiff's conduct in order to preserve plaintiff's legal rights.

Moreover, even assuming that plaintiff could show an actual controversy, the issue is moot. MCR 2.605 incorporates traditional restrictions on justiciability such as standing, ripeness, and mootness. *UAW*, 295 Mich App at 495. "As such, a court may not decide moot questions in the guise of giving declaratory relief, because moot cases present only abstract questions of law that do not rest upon existing facts or rights." *PT Today, Inc v Comm'r of the Office of Fin and Ins Services*, 270 Mich App 110, 127; 715 NW2d 398 (2006) (internal quotations and citations omitted). As explained, the alleged injuries at issue have already occurred. Additionally, defendant selected a new City Manager on August 30, 2012, and plaintiff never sought the invalidation of defendant's decision to select the new City Manager, as is allowed under the OMA. See MCL 15.270(2). Instead, plaintiff merely requested declaratory relief. A mere declaration at this point that defendant violated the OMA, without a request to invalidate the decision stemming from that alleged violation, "cannot have practical legal affect upon the then existing controversy." *Menominee Co Taxpayers Alliance, Inc v Menominee Co Clerk*, 139 Mich App 814, 819-820; 362 NW2d 871 (1984). And, because the likelihood of future actions by defendant which allegedly violate the OMA is speculative at best, there is no basis for issuing a declaratory judgment. To the extent future violations may occur, plaintiff may simply commence a new suit, and therefore, this is not a case in which the issue is "one of public significance that is likely to recur, yet evade judicial review." *PT Today*, 270 Mich App at 127

(citation omitted).  Accordingly, the trial court correctly determined that plaintiff failed to meet the requirements of MCR 2.605.[4]

Affirmed.  Defendant, the prevailing party, may tax costs.  MCR 7.219.

/s/ Henry William Saad
/s/ Karen M. Fort Hood

---

[4] The concurrence rests its decision to affirm on the application of MCL 15.268(f).  Our decision rests on the existence of an actual controversy pursuant to MCR 2.605.  Because we determined that no actual controversy existed, we do not determine whether that exception properly applied in this case.  Moreover, the trial court did not determine whether the exception applied, and it was not raised in the question presented.