*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANTHONY DAVIS,

        Plaintiff-Appellant,

v

TYLER ROSS, MICHAEL COLMAN, DAVID
COLMAN, and EVAN ROSS,

        Defendants-Appellees.

UNPUBLISHED
June 9, 2022

No. 358167
Oakland Circuit Court
LC No. 2021-186214-CZ

Before: CAMERON, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

In this foreign-judgment collection action, plaintiff appeals as of right the trial court's order granting defendants' motion for summary disposition under MCR 2.116(C)(4). We reverse.

## I. BACKGROUND

On December 1, 2016, plaintiff obtained a judgment against ROCO Real Estate, LLC (ROCO) for $23,960 in Hinds County, Mississippi. On July 10, 2017, a Notice of Entry of Foreign Judgment was filed by plaintiff in Michigan's 48th District Court. After attempting discovery, plaintiff moved for sanctions and requested an award for attorney fees, among other things, in the 48th District Court. Plaintiff argued that he attempted to collect on his judgment and filed multiple motions to compel discovery, which defendants evaded for more than two years. The district court denied plaintiff's motion for sanctions and declined to award attorney fees.

Plaintiff then filed a complaint against defendants, Tyler Ross, Michael Colman, David Colman, and Evan Ross, in the circuit court, alleging (1) transfer with intent to defraud; (2) voidable transfer under the Uniform Voidable Transactions Act (UVTA), as adopted in Michigan as the Michigan Uniform Voidable Transactions Act (MUVTA), MCL 566.31 *et seq.*; and (3) absence of proof of a bona fide transaction. According to plaintiff's complaint, ROCO transferred money to each defendant, as managers of ROCO, to hinder plaintiff's collection of the Mississippi judgment. For damages, plaintiff sought relief "in the amount of the Judgment, plus costs and additional damages suffered by him." Plaintiff claimed that the amount in controversy was greater

-1-

than $25,000 because the judgment amount plus damages for attorney fees and expenses incurred was in excess of $25,000.

In lieu of an answer, defendants moved for summary disposition under MCR 2.116(C)(4), arguing that the amount in controversy was below the jurisdictional threshold to be heard in circuit court. In response, plaintiff argued that his complaint alleged that defendants violated the MUVTA and included damages for attorney fees related to the voidable transfers. Plaintiff also argued that the wrongful acts of defendants that caused plaintiff to proceed in a prolonged collection action against ROCO made attorney fees from that prior litigation collectible. In short, plaintiff argued that, because of the possibility of an award of attorney fees, it was not a legal certainty that the amount in controversy was lower than the jurisdictional threshold of $25,000.

The trial court granted defendants' motion for summary disposition under MCR 2.116(C)(4), finding no genuine issue of material fact that the amount in controversy was the underlying judgment amount—$23,960—which did not meet the circuit court's threshold. The trial court also found that plaintiff did not present any binding authority to support his argument that the MUVTA allowed plaintiff to include attorney's fees to calculate the amount in controversy.

Plaintiff now appeals.

## II. STANDARD OF REVIEW

"Whether a trial court has subject-matter jurisdiction is a question of law that this Court reviews de novo." *Citizens for Common Sense in Gov't v Attorney General*, 243 Mich App 43, 49; 620 NW2d 546 (2000). See also *Meisner Law Group PC v Weston Downs Condo Assoc*, 321 Mich App 702, 720; 909 NW2d 890 (2017). This Court also reviews de novo a trial court's decision to grant or deny a motion for summary disposition. *Braun v Ann Arbor Charter Twp*, 262 Mich App 154, 157; 683 NW2d 755 (2004).

Under MCR 2.116(C)(4), a trial court may dismiss a complaint when "[t]he court lacks jurisdiction of the subject matter."

> "[W]hen reviewing a motion for summary disposition brought under MCR 2.116(C)(4) that asserts lack of subject-matter jurisdiction, the court must determine whether the pleadings demonstrate that the defendant is entitled to judgment as a matter of law, or whether the affidavits and other proofs show that there was no genuine issue of material fact" concerning damages. [*Meisner*, 312 Mich App at 714.]

"A trial court is duty-bound to recognize the limits of its subject-matter jurisdiction, and it must dismiss an action when subject-matter jurisdiction is not present." *Id.*, citing *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 399; 651 NW2d 756 (2002).

## III. LAW AND ANALYSIS

On appeal, plaintiff argues that the trial court erred by dismissing his action for lack of jurisdiction because it was not a legal certainty that plaintiff would recover less than the $25,000

jurisdictional threshold when considering that attorney's fees may be awarded as damages in his case. We agree.

Circuit courts in Michigan "have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court." MCL 600.605. See also Const 1963, art VI, § 13 ("The circuit court shall have original jurisdiction in all matters not prohibited by law."). Where the amount in controversy does not exceed $25,000, subject-matter jurisdiction lies exclusively with the district court. MCL 600.605; MCL 600.8301(1); *Meisner*, 321 Mich App at 714-715. As relevant to this case, an action belongs in district court rather than circuit court if, "[f]rom the allegations of the complaint, it appears to a legal certainty that the amount in controversy is not greater than the applicable jurisdictional limit of the district court." Administrative Order No. 1998-1, 457 Mich lxxxv-lxxxvi (1998).[1]

Absent a finding of bad faith, the amount in controversy is determined "using the prayer for relief set forth in the plaintiff's pleadings, calculated exclusive of fees, costs, and interest." *Hodge v State Farm Mut Auto Ins Co*, 499 Mich 211, 223-224; 884 NW2d 238 (2016). As relevant here, this means that litigation expenses, including attorney fees, are generally excluded from the amount-in-controversy calculation. *ABCS Troy, LLC v Loancraft, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 349835); slip op at 1. This is because, under the "American rule," each party is generally responsible for their own litigation expenses. See *Burnside v State Farm Fire & Cas Co*, 208 Mich App 422, 426-427; 528 NW2d 749 (1995).

As with most general rules, however, there are exceptions to the American rule—attorney fees can be recovered when "expressly authorized by statute, court rule, or a recognized exception." *Id*. When attorney fees are recoverable as an element of general damages, they are included in the amount-in-controversy calculation. See *ABCS Troy, LLC* ___ Mich App at ___; slip op at 7. Following this reasoning, this Court has recognized two exceptions to the general rule that litigation expenses are not included in the amount in controversy: in *ABCS Troy, LLC* ___ Mich App at ___; slip op at 7, this Court held that contractual attorney fees are included in the amount in controversy, and in *Peters v Gunnell, Inc*, 253 Mich App 211, 224 n 4; 655 NW2d 582 (2002), this Court recognized, albeit in dicta, that statutory attorney fees are included in the amount in controversy. Federal courts recognize these two exceptions as well, see, e.g., *Velez v Crown Life Ins Co*, 599 F2d 471, 474 (CA 1, 1979) ("There are, however, two logical exceptions to this rule [that attorney fees are excludable in determining the matter in controversy]: one, where the fees are provided for by contract, and, two, where a statute mandates . . . the payment of such fees . . . ."), and, notably, this Court recently looked to federal caselaw when deciding whether contractual attorney fees should be included in the amount in controversy, see *ABCS Troy, LLC* ___ Mich App at ___; slip op at 5-7.

On appeal, plaintiff argues that his complaint creates a question of fact whether his claims exceed the $25,000 jurisdictional limit of the circuit court because it is not a legal certainty that

---

[1] Our Supreme Court is considering rescinding AO 1998-1 and amending MCR 2.227, and the "legal certainty" language from the administrative order on which plaintiff relies would now be included in the court rule. See ADM File No. 2021-17.

the amount in controversy is less than $25,000 considering that he may be able to recover as damages attorney fees (1) incurred by him in the prior litigation under the "wrongful acts" exception to the American rule and (2) under the MUVTA.

Addressing plaintiff's first claim, the "wrongful acts" exception to the American rule "permits a plaintiff to recover as damages from a third party the attorney fees the plaintiff expended in a prior lawsuit the plaintiff was forced to defend or prosecute because of the wrongful acts of the third party." *Bonner v Chicago Title Ins Co*, 194 Mich App 462, 468-469; 487 NW2d 807 (1992). See also *Warren v McLouth Steel Corp*, 111 Mich App 496, 508; 314 NW2d 666 (1981). Plaintiff argues that he incurred attorney fees during the litigation with ROCO, which may be collected from defendants under the "wrongful acts" exception, explaining on appeal:

> Plaintiff seeks to recover as damages from third parties (the Defendants) the attorney fees the plaintiff expended in a prior action (the supplementary proceedings in the District Court). Plaintiff alleges in his complaint that he incurred these expenses because of the wrongful acts of the Defendants.

If plaintiff is able to prove these allegations, he would be properly allowed to seek attorney fees as damages under the "wrongful acts" exception.

Understanding that plaintiff is attempting to recover the attorney fees from the prior litigation as damages, we find the following from *ABCS Troy, LLC* ___ Mich App at ___; slip op at 7, to be instructive:

> In sum, we hold that contractual attorney fees are an element of general damages and are to be included in the amount-in-controversy calculation for purposes of a district court's jurisdiction. If a dispute involves a contract with a fee-shifting provision and a party makes a claim for attorney fees under that provision, then that party can submit a reasonable estimate of such fees that it expects to incur during the lawsuit for purposes of determining the amount in controversy.

While this refers only to contractual attorney fees, the reasoning applies equally to the attorney fees sought as damages by plaintiff here, especially in light of *ABCS Troy, LLC*'s holding that when attorney fees are sought as damages, the $25,000 jurisdictional limit of the district court applies to those. *Id*. at ___; slip op at 7-8.

Plaintiff's complaint sought judgment in the amount of $23,960 plus damages "primarily [in the form of] attorney fees and expenses incurred in pursuing Plaintiff's rights as a creditor and obtaining discovery relation thereto." These pleadings were made in good faith, and plaintiff's estimated claim for attorney fees of at least $1,040.01 to bring this action within the $25,000 jurisdictional threshold of the circuit court was "a reasonable estimate of fees" that it expected to receive as damages for purposes of determining the amount in controversy. While offering no conclusion on whether plaintiff will ultimately be able to collect attorney fees under the "wrongful acts" exception, we hold that, based on the allegations in the complaint, it cannot be said with legal certainty that the amount in controversy—which includes plaintiff's claim for attorney fees as damages—is less than the applicable jurisdictional limit. See AO 1998-1.

Plaintiff alternatively contends that his complaint alleges an amount in controversy in excess of the $25,000 jurisdictional threshold of the circuit court because, along with the $23,960, he is seeking prospective attorney fees as damages under MCL 566.37(1)(c)(*iii*) of the MUVTA. That subsection provides that a creditor may obtain "any other relief the court determines appropriate" in a claim under the MUVTA. MCL 566.37(1)(c)(*iii*).

The parties agree that (1) no Michigan court has held that a party may be entitled to recover attorney fees under MCL 566.37(1)(c)(*iii*) and (2) other states have held that attorney fees are recoverable under similar provisions of their states' versions of the Uniform Voidable Transactions Act. On these facts, we cannot conclude with legal certainty that the amount in controversy is less than the circuit court's $25,000 jurisdictional threshold. Plaintiff has presented a plausible argument that he may be able to collect statutory attorney fees under MCL 566.37(1)(c)(*iii*), and statutory attorney fees are one of the generally-recognized exceptions to the rule that attorney fees are not included in the amount in controversy. See *Peters*, 253 Mich App at 224 n 4; *Velez*, 599 F2d at 474. Further, plaintiff made a claim for those fees, and his estimate that those fees will exceed $1,040.01 for amount-in-controversy purposes—thereby bringing his claim within the circuit court's $25,000 jurisdictional threshold—was reasonable. Accord *ABCS Troy, LLC* ___ Mich App at ___; slip op at 7.

To be clear, we offer no conclusion on whether plaintiff is actually entitled to attorney fees under either the "wrongful acts" exception or MCL 566.37(1)(c)(*iii*). Indeed, we offer no opinion on whether attorney fees are even permissible under MCL 566.37(1)(c)(*iii*). Rather, in light of *ABCS Troy, LLC*'s reasoning that attorney fees recoverable as an element of general damages are included in the amount-in-controversy calculation, we conclude only that we cannot say with legal certainty that the amount in controversy in this case is under the circuit court's $25,000 jurisdictional threshold.[2] Plaintiff has pleaded, in good faith, plausible claims that at least $1,040.01 for attorney fees are recoverable as damages, and he will be able to litigate those claims to determine their merits. In a similar situation, the Sixth Circuit explained:

> Without intending in any way to express an opinion upon the plaintiff's right to recover attorney fees in this action, we are nevertheless of the opinion that his claim in that respect is not fictitious, and not made in bad faith, but, on the contrary, he is fairly entitled to present that question for judicial determination, and for that reason the amount of that claim should be included in determining the amount in controversy. [*Nathan v Rock Springs Distilling Co*, 10 F2d 268, 269 (CA 6, 1926).]

---

[2] The trial court issued its opinion in this case before *ABCS Troy, LLC* was issued, and the court correctly noted that there was no authority to support plaintiff's claim at that time.

## IV. CONCLUSION

For the reasons explained, we reverse and remand for further proceedings. We do not retain jurisdiction. Plaintiff, being the prevailing party, may tax costs pursuant to MCR 7.219.


/s/ Thomas C. Cameron
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle