COMSTOCK v WHEELOCK

1. HIGHWAYS—PRIVATE ROADWAYS—PRESCRIPTIVE RIGHTS—HIGHWAY
   BY USER—STATUTES.

   The law gives the public rights in private roadways under the
   doctrine of "highway by user"; in order to establish user by the
   public there must be a defined line used and worked upon by
   public authorities, traveled by the public for ten consecutive
   years without interruption and the use must be public, open,
   notorious and exclusive (MCLA 221.20).

2. HIGHWAYS—PUBLIC USE—RECREATIONAL PURPOSES—ACCESS TO
   LAKE—HIGHWAY BY USER—PRESCRIPTIVE RIGHTS—STATUTES.

   The public can have no prescriptive right in private property for
   recreational purposes; private property used for recreational
   purposes and not as an access point to a lake is not a highway
   and, thus, not covered by a statute creating public highways by
   public use of private property (MCLA 221.20).

3. HIGHWAYS—HIGHWAY BY USER—PARTIES—PRIVATE CITIZENS—PUB-
   LIC RIGHTS—STANDING.

   A private citizen has no standing to bring a suit on behalf of the
   public; public rights actions, such as a suit brought under the
   highway by user statute, must be brought by public officials
   vested with the responsibility therefor.

Appeal from Grand Traverse, Raymond L.
Smith, J. Submitted June 5, 1975, at Grand Rap-
ids. (Docket No. 20120.) Decided August 12, 1975.

Complaint by Burton Comstock and Ezra Ra-
moie, on behalf of themselves and all others simi-
larly situated, against Ted J. Wheelock, LeRoy E.
Wheelock, Helen G. Wheelock and Catherine Du-
rand for injunctive relief to prevent defendants

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 25 Am Jur 2d, Easements and Licenses §§ 44–47.

from interfering with public access to a lake and from constructing a structure on defendant's lakeside property. Summary judgment for defendants. Plaintiffs appeal by leave granted. Affirmed.

*Michael J. Houlihan,* for plaintiffs.

*Michael D. Lewis,* for defendants.

Before: McGREGOR, P. J., and D. E. HOLBROOK and N. J. KAUFMAN, JJ.

D. E. HOLBROOK, J. This is an appeal granted by this Court upon application for delayed appeal by plaintiffs from a grant of summary judgment in favor of defendants because plaintiffs failed to state a cause of action in their complaint.

On July 21, 1972 plaintiffs filed a complaint which alleged that defendants had constructed a boathouse on property owned by defendants on Long Lake which had been used by plaintiffs and the general public for swimming, boating, fishing and snowmobiling and generally for access to Long Lake for a period in excess of 70 years. From the description it appears that the lot is approximately 35 feet wide and 250 feet long. Construction was alleged to have begun in the fall of 1971, and in the spring of 1972 defendants placed signs upon the property which forbid the public from entering upon it. Plaintiffs seek to (1) halt defendants' construction upon the parcel, (2) to halt any interference with the plaintiffs' or the public's use of the property for access to the lake and (3) to enjoin defendants to remove the already existing structure. The suit was based upon two counts. The first appears to be based on a theory of prescriptive easement and the second is based on the theory that the property had been used and dedicated as

a public highway under the "highway by user" statute, MCLA 221.20; MSA 9.21. Although the suit was initiated by Michael J. Houlihan, the prosecuting attorney of Grand Traverse County, neither the people of the county nor the people of the State of Michigan were made parties to the suit.

The trial court issued a temporary restraining order enjoining further construction and defendants' interference with the public's access to Long Lake. The defendants then answered and admitted that the Township of Long Lake had erected a bathhouse on the property in the past, had employed a lifeguard, had taught swimming classes and that "at their request the Grand Traverse County Road Commission occasionally sprayed brine upon part of the property in question and occasionally graded part of it * * * ". Defendants further asserted several defenses and counterclaimed asking the court to enjoin plaintiffs and various unnamed persons from entering defendants' property without permission.

On December 13, 1972 Michael J. Houlihan entered an appearance as attorney for the people in his capacity as prosecuting attorney. He filed a motion to intervene on behalf of the people of the State of Michigan. On December 14, defendants filed a motion for accelerated judgment and for summary judgment, citing as grounds the reasons stated in their answer under "affirmative defenses". Among the grounds listed were laches, failure to state a claim upon which relief can be granted, lack of a factual dispute, and lack of standing to bring the action.

A hearing was held on August 17, 1972 to determine whether a preliminary injunction should issue or the restraining order should be dissolved.

Another hearing was held on September 14, 1973 on the people's motion to intervene and on defendants' motion for accelerated and/or summary judgment.

On October 12, 1973 the court filed a decision denying the motion to intervene and granting summary judgment to defendants because plaintiffs failed to state a cause of action in their complaint. In brief, the court found that public and not private rights were asserted by plaintiffs, that the only possible public right in the property would be established under MCLA 221.20; MSA 9.21; and that defendants deserved to prevail as a matter of law. As a second ground of decision, the court stated that plaintiffs were barred by laches.

Plaintiffs raise the issue of whether the trial court erred by granting summary judgment against plaintiffs who claimed that public rights vested in a parcel of land on Long Lake, Grand Traverse County, when the complaint alleged long term public use for recreational purposes and occasional maintenance by the county road commission.

The plaintiffs assert that the complaint alleges that public rights in defendants' property had vested under MCLA 221.20; MSA 9.21, the "highway by user" statute. The complaint alleges use by the public and by plaintiffs for a period exceeding the 10-year statutory period, that various local governments had maintained a boathouse, stationed a lifeguard and conducted classes on the property, and that the property has been maintained by occasional snowplowing and brining.

The law gives the public rights in private roadways under the doctrine of "highway by user". The elements of the cause of action are these: there must be a defined line used and worked upon

by public authorities, traveled by the public for 10 consecutive years without interruption and [it must] be public, open, notorious and exclusive.

Plaintiffs also assert that public maintenance and use need only be seasonal and as required for public use. Whether the parcel is public or private is a question of fact for the jury. Summary judgment is here inappropriate, because sufficient facts are alleged to state a cause of action. The plaintiffs further assert that they do have standing to bring suit on behalf of the public in this matter. *Bain v Fry,* 352 Mich 299; 89 NW2d 485 (1958).

The defendants in answer to the arguments of plaintiffs assert that it is a long established rule in Michigan that private persons cannot institute proceedings in chancery to redress grievances on behalf of the public. The Grand Traverse County Road Commission is the proper party to institute such suit, and they have refused to intervene. Further, that the plaintiffs have not stated a cause of action in any case. The statutes upon which plaintiffs rely deal with highways and not picnic areas. Furthermore, the complaint does not state that the plaintiffs or the public has excluded defendants for 10 years or more. Occasional snowplowing and brining fall far short of the necessary public maintenance to satisfy the statute.

The public can have no prescriptive right in the property for recreational purposes. *Pigorsh v Fahner,* 22 Mich App 108; 177 NW2d 466 (1970), *aff'd* 386 Mich 508; 194 NW2d 343 (1972).

Although the trial court begins its decision with the statement that plaintiffs fail to state a cause of action, GCR 1963, 117.2(1), it is clear that the court actually decided the motion on the basis of GCR 1963, 117.2(3), because "except as to the amount of damages there is no genuine issue as to

any material fact, and the moving party is therefore entitled to judgment as a matter of law". The court's review of the evidence applicable to plaintiffs' claim under the "highway by user" statute, MCLA 221.20; MSA 9.21, amply illustrates that the court considered this theory of relief at least plausible.

MCLA 221.20; MSA 9.21 states:

"All highways regularly established in pursuance of existing laws, all roads that shall have been used as such for 10 years or more, whether any record or other proof exists that they were ever established as highways or not, and all roads which have been or which may hereafter be laid out and not recorded, and which shall have been used 8 years or more, shall be deemed public highways, subject to be altered or discontinued according to the provisions of this act. All highways that are or that may become such by time and use, shall be 4 rods in width, and where they are situated on section or quarter sections lines, such lines shall be the center of such roads, and the land belonging to such roads shall be 2 rods in width on each side of such lines."

The obvious difficulty with this statute is that it clearly applies to "highways". It will take some rather imaginative interpretation to make it apply to the parcel of land in question. Although it is alleged that "the * * * parcel * * * has been used by plaintiffs and other members of the public for access to Long Lake * * * in excess of 70 years" this land is obviously not what one would normally call a highway. If the parcel has never been used as a "highway" the statute will not, of course, apply and plaintiffs will indeed have failed to state a cause of action.

Highway is defined in the Michigan Vehicle Code, MCLA 257.20; MSA 9.1820, as:

" 'Highway or street' means the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel."

See also MCLA 257.64; MSA 9.1864. However, it has also been held that a footpath is a highway.

"In *Burdick v Harbor Springs Lumber Co,* 167 Mich 673, 679 [133 NW 822, 824 (1911)], we stated:
" ' "The term 'highway' is the generic name for all kinds of public ways, including county and township roads, streets and alleys, turnpikes and plank roads, railroads and tramways, bridges and ferries, canals and navigable rivers. In short, every public thoroughfare is a highway." ' "*In re Petition of Carson,* 362 Mich 409, 411–412; 107 NW2d 902, 903 (1961).

The definition is obviously broad.

However, the courts have also held that certain types of access routes are not highways. In *Krause v Lewis,* 144 Mich 549; 108 NW 417 (1906), it was held that alleys are not highways. See also *Bagley v People,* 43 Mich 355; 5 NW 415 (1880), *People v Jackson,* 7 Mich 432 (1859). It was further held that wharves are not highways. *Horn v People,* 26 Mich 221 (1872).

Neither the complaint nor the plaintiffs' brief suggests that across defendants' land there was an actual pathway or roadway for transportation. The land was obviously used in itself for recreational purposes and not as an access point to the lake. Under a fair interpretation, defendants' land was not a highway. The statute is thus inapplicable to this case. It is, of course, true that this Court will affirm if the trial court reaches the correct result even if the result of the trial court is based upon a reason which is incorrect. *People v Rodgers,* 36 Mich App 211; 193 NW2d 412 (1971), *reversed on*

*other grounds* 388 Mich 513; 201 NW2d 621 (1972). Under this principle, we affirm.

We now consider defendants' contention that plaintiffs lack standing to bring this suit on behalf of the public. This was certainly the rule announced in *Home Telephone Co v Railroad Commission,* 174 Mich 219; 140 NW 496 (1913), and in *Johnson v Gibson,* 240 Mich 515, 518–519; 215 NW 333, 334–335 (1927). The rule is apparently continued in *Joseph v Grand Blanc Twp,* 5 Mich App 566, 571; 147 NW2d 458, 460 (1967), and *Marcus v Busch,* 1 Mich App 134; 134 NW2d 498 (1965), where it was held that a private citizen has no standing to attack the actions of a zoning board of appeals unless he can establish that "he has suffered a substantial damage which is not common to other property owners similarly situated".

Plaintiffs respond to these cases with no opposing authority. They simply state that in *Bain v Fry,* 352 Mich 299; 89 NW2d 485 (1958), Mr. Bain was a private party who was obviously considered by both sides and by the courts as a proper party to pursue a claim of "highway by user". This argument is meritless. The issue of standing was not litigated in that case.

We hold that the instant situation is covered by the rule that public rights actions must be brought by public officials vested with such responsibility. Although there have been great changes in Federal law in this regard, see 11 ALR Fed 556 (1972), plaintiffs failed to show a corresponding change in the law of this state.

Plaintiffs further contend, however, that since they claim private rights (through private prescriptive easements) to the property in question that they have sufficient standing to raise the public questions as well. The plaintiffs have stipu-

lated that they are seeking only to raise public rights and no private rights. It is apparent in their complaint that plaintiffs claim their public rights by virtue of use similar to that of the general public. Therefore, they assert no greater rights than the public and they have no standing to assert those rights. We so rule. *Outhwaite v Foote*, 240 Mich 327, 329; 215 NW 331, 332 (1927). See Anno., *Use by public as affecting acquisition by individual of right of way by prescription,* 111 ALR 221, 223–224 (1937).

Other issues raised need not be discussed.
Affirmed.