CHRYSLER CORPORATION v HOME INSURANCE COMPANY

Docket No. 171789. Submitted June 10, 1995, at Detroit. Decided September 26, 1995, at 9:05 A.M. Leave to appeal sought.

   Chrysler Corporation brought an action in the Wayne Circuit Court against the Home Insurance Company, seeking a determination of the defendant's responsibility to provide the plaintiff insurance coverage pursuant to a contract between the parties. The court, William J. Giovan, J., entered a default judgment for the plaintiff following the defendant's failure to comply with the court's orders compelling discovery. The defendant appealed, and the plaintiff cross appealed from the court's order denying its request for a declaratory judgment.

   The Court of Appeals *held:*

   1. The trial court did not abuse its discretion in entering a default judgment against the defendant as a sanction for its intentional violation of the court's discovery orders.

   2. The trial court's order compelling the production of documents was not automatically stayed pending an interlocutory appeal of the granting of the order by the defendant. The defendant was not excused from complying with the court's discovery orders.

   3. The trial court erred in conducting a hearing rather than a jury trial regarding the issue of damages. Administrative Order No. 1994-4 requires that the Court of Appeals follow the precedent of *Mink v Masters,* 204 Mich App 242 (1994), wherein it was held that where a plaintiff has filed a jury demand, the defendant need do nothing further to preserve its right to a trial by jury. Were the Court not compelled to follow *Mink,* it would affirm and hold that the defendant waived its right to a jury trial by failing to file either a jury demand or a reliance on the plaintiff's demand. The judgment must be vacated and the matter remanded for a jury trial regarding the issue of damages.

   4. The trial court did not err in denying the plaintiff's

REFERENCES
Am Jur 2d, Appellate Review § 433; Declaratory Judgments §§ 33, 39; Jury § 64.
See ALR Index under Declaratory Judgments or Relief; Demand or Request; Jury and Jury Trial; Stay of Action or Proceeding.

request for a declaratory judgment regarding any future claims that may fall under the parties' insurance agreement. A trial court has the power to enter a declaratory judgment only in a case of actual controversy, and a case of actual controversy does not exist where, as here, the injury sought to be prevented is merely hypothetical.

Affirmed in part, vacated in part, and remanded.

1. JUDGMENTS — MOTIONS AND ORDERS — APPEAL — STAYS.

An appeal does not stay the effect or enforceability of a judgment or order of a trial court unless the trial court or the Court of Appeals orders otherwise (MCR 7.209[A][1]).

2. JURY — DEMANDS FOR JURY TRIAL.

A plaintiff's filing of a demand for a jury trial preserves the defendant's right to a jury trial without the defendant doing anything further.

3. DECLARATORY JUDGMENTS — CASE OF ACTUAL CONTROVERSY — HYPOTHETICAL INJURIES.

A trial court has the power to enter a declaratory judgment only in a case of actual controversy; a case of actual controversy does not exist where the injury sought to be prevented is merely hypothetical.

*DeNardis, McCandless & Muller, P.C.* (by *Mark F. Miller* and *William McCandless*), for the plaintiff.

*Kaufman & Payton* (by *Donald L. Payton*), for the defendant.

Before: GRIFFIN, P.J., and J. H. GILLIS* and W. J. CAPRATHE,** JJ.

GRIFFIN, P.J. Defendant appeals as of right a default judgment entered by the circuit court awarding plaintiff $2,410,454 following defendant's failure to comply with court orders compelling discovery. Plaintiff cross appeals from an order of

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1995-1.

** Circuit judge, sitting on the Court of Appeals by assignment.

the circuit court denying its request for a declaratory judgment. We affirm in part, vacate in part, and remand.

I

The trial court did not abuse its discretion when it entered a default judgment against defendant as a sanction for defendant's intentional violation of the court's discovery orders. The sanction of a default judgment is appropriate where, as here, there has been an intentional refusal to facilitate discovery. MCR 2.313(B)(2)(c); *Frankenmuth Mutual Ins Co v ACO, Inc,* 193 Mich App 389, 397; 484 NW2d 718 (1992); *Equico Lessors, Inc v Original Buscemi's, Inc,* 140 Mich App 532, 535; 364 NW2d 373 (1985).

II

Next, the trial court's order compelling the production of documents and witnesses was not automatically stayed pending an interlocutory appeal by defendant. MCR 7.209(A)(1) provides that "[a]n appeal does not stay the effect or enforceability of a judgment or order of a trial court unless the trial court or the Court of Appeals otherwise orders." No stay of proceedings was ever ordered by the trial court or this Court in this matter. Therefore, defendant was not excused from complying with the trial court's orders compelling discovery.

III

Defendant further argues that it was entitled to a jury trial regarding the issue of damages on the basis of the jury demand filed by plaintiff. Although defendant did not file a jury demand or a reliance on plaintiff's demand, it cites *Mink v*

*Masters,* 204 Mich App 242, 247; 514 NW2d 235 (1994), for the proposition that "where a plaintiff has filed a jury demand, the defendant need do nothing further to preserve its right to a trial by jury."

For the reasons stated in Chief Judge DOCTOROFF's concurring opinion, *Mink, supra* at 248-250, we disagree with the majority opinion in *Mink.* We follow *Mink* only because we are required to do so pursuant to Administrative Order No. 1994-4. Were we not compelled to follow *Mink,* we would affirm and hold that defendant had waived its right to a jury trial by failing to file either a jury demand or a reliance. MCR 2.508(D).

Reluctantly, we follow *Mink* and rule that the trial court erred in conducting a hearing rather than a jury trial regarding the issue of damages. The appropriate remedy is to vacate the trial court's judgment and remand for a jury trial regarding the issue of damages. *Mink, supra* at 247.

IV

On cross appeal, plaintiff argues that the trial court erred in refusing to enter a declaratory judgment regarding any other future claims that may fall under the parties' insurance agreement. We disagree. A trial court has the power to enter a declaratory judgment only in a case of actual controversy. MCR 2.605. A case of actual controversy does not exist, however, where, as here, the injury sought to be prevented is merely hypothetical. *Shavers v Attorney General,* 402 Mich 554, 588; 267 NW2d 72 (1978), cert den 442 US 934 (1979); *Recall Blanchard Committee v Secretary of State,* 146 Mich App 117, 121; 380 NW2d 71 (1985). The trial court did not err in denying plaintiff's request for a declaratory judgment.

Our disposition of this appeal renders it unnecessary to address defendant's remaining issues on appeal.

Affirmed in part and vacated in part. We remand this matter to the trial court to conduct a jury trial regarding the issue of damages. We do not retain jurisdiction.