GYARMATI v BIELFIELD

Docket No. 214338. Submitted November 7, 2000, at Detroit. Decided May 4, 2001, at 9:10 A.M. Leave to appeal sought.

Tibor L. and Terrie Gyarmati brought an action in the Oakland Circuit Court against Jay A. and Diane Bielfield and Bloomfield Charter Township, seeking a declaration that an easement held by the Bielfields over the plaintiffs' land was illegal because it violated a township ordinance that prohibited riparian use of property by anyone other than the owner or occupant of the property. The court, Rudy J. Nichols, J., granted summary disposition for the Bielfields and the township. With respect to the Bielfields, the court ruled that the plaintiffs lacked standing to seek enforcement of the ordinance. With respect to the township, the court ruled that the plaintiffs had failed to state a claim on which relief could be granted. The plaintiffs appealed.

The Court of Appeals *held*:

1. The plaintiffs lacked standing to seek enforcement of the ordinance against the Bielfields. Public rights actions must be brought by public officials vested with such responsibility.

2. The plaintiffs failed to state a claim on which relief could be granted. A plaintiff, in order to maintain an action for declaratory judgment, must demonstrate that an actual controversy exists between the parties. To demonstrate an actual controversy, a plaintiff must plead and prove facts that indicate an adverse interest necessitating a sharpening of the issues raised. There was nothing adverse in the plaintiffs' declaratory action against the township. The plaintiffs therefore failed to demonstrate an actual controversy between them and the township for which an action for declaratory judgment can be maintained.

Affirmed.

SAWYER, J., concurring in part and dissenting in part, stated that the grant of summary disposition for the township was appropriate because the plaintiffs lacked standing to enforce the ordinance and that the plaintiffs did have standing to seek a declaratory judgment regarding their obligations under the easement with respect to the Bielfields. The plaintiffs are entitled to seek a declaratory judgment

to determine the extent to which they are obligated to comply with the easement in light of the restrictions imposed by the ordinance.

1. MUNICIPAL CORPORATIONS — ORDINANCES — ENFORCEMENT — PRIVATE CITIZENS.

    A private citizen lacks standing to bring an action for the enforcement of an ordinance; public rights actions must be brought by public officials vested with such responsibility.

2. ACTIONS — DECLARATORY JUDGMENTS — ACTUAL CONTROVERSY.

    A plaintiff seeking a declaratory judgment must demonstrate that an actual controversy exists between the parties; to demonstrate an actual controversy, a plaintiff must plead and prove facts that indicate an adverse interest necessitating a sharpening of the issues raised.

*The Davis Law Group, P.C.* (by *Robert Charles Davis*), for Tibor L. and Terrie Gyarmati.

*Seyburn, Kahn, Ginn, Bess, Deitch and Serlin, P.C.* (by *Joel H. Serlin* and *Barry M. Rosenbaum*), for Jay A. and Diane Bielfield.

*Secrest, Wardle, Lynch, Hampton, Truex and Morley* (by *Thomas P. McKenney*), for Bloomfield Charter Township.

Before: GRIBBS, P.J., and M. J. KELLY and SAWYER, JJ.

M. J. KELLY, J. Plaintiffs, Tibor L. and Terrie Gyarmati, appeal as of right from an order granting summary disposition in favor of defendant Bloomfield Charter Township. Plaintiffs also raise issues related to an earlier order granting defendants Jay Bielfield and Diane Bielfield summary disposition and denying plaintiffs' motion for summary disposition. We affirm.

Plaintiffs filed a complaint for declaratory judgment against the township and their neighbors, the Bielfields, alleging that an easement that the Bielfields had over plaintiffs' land was illegal because it violated a township ordinance that prohibited ripa-

rian use of property by anyone other than the riparian owner or occupant. Plaintiffs sought to have declared void because of illegality a prior stipulated order between the parties that reaffirmed the easement. The township moved for summary disposition pursuant to MCR 2.116(C)(8). Plaintiffs also moved for summary disposition, pursuant to MCR 2.116(C)(10). In response to plaintiffs' motion for summary disposition, the Bielfields argued that they were entitled to judgment as a matter of law pursuant to MCR 2.116(I)(2) because plaintiffs did not have standing to bring suit. The trial court granted the Bielfields summary disposition, finding that plaintiffs did not have standing to seek to enforce a public ordinance. The trial court also granted summary disposition to the township, finding that plaintiffs failed to state a claim on which relief could be granted.

Plaintiffs argue that the trial court erred in granting the Bielfields summary disposition and denying plaintiffs' motion for summary disposition. We disagree. Appellate review of a motion for summary disposition is de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). The trial court granted the Bielfields summary disposition pursuant to MCR 2.116(I)(2). "Summary disposition is properly granted [under this rule] to the opposing party if it appears to the court that that party, rather than the moving party, is entitled to judgment." *Sharper Image v Dep't of Treasury*, 216 Mich App 698, 701; 550 NW2d 596 (1996). Whether a party has standing to bring an action is a question of law reviewed de novo on appeal. *Dep't of Consumer & Industry Services v Shah*, 236 Mich App 381, 384; 600 NW2d 406 (1999).

Pursuant to *Comstock v Wheelock*, 63 Mich App 195, 202; 234 NW2d 448 (1975), "public rights actions must be brought by public officials vested with such responsibility." Contrary to plaintiffs' assertions, they are, in fact, seeking enforcement of the ordinance by requesting that the court declare that the Bielfields may not use the easement for riparian purposes. It is the township, not plaintiffs, that has standing to enforce the ordinance. Plaintiffs are attempting to be released from their stipulated agreement and nothing more. It is immaterial whether the township enforces the ordinance or seeks redress by criminal prosecution for failure to obey it. This is not a mandamus action. Because plaintiffs do not have standing, it is axiomatic that they, in turn, were not entitled to summary disposition.

Plaintiffs also argue that the trial court erred in granting summary disposition in favor of the township. We disagree. A motion for summary disposition relying on MCR 2.116(C)(8) tests the legal sufficiency of a plaintiff's complaint. *Celina Mut Ins Co v Aetna Life & Casualty Co*, 434 Mich 288, 294; 454 NW2d 93 (1990). The court must accept the factual allegations of the plaintiff's complaint as true, and if, even after considering the facts in a light most favorable to the plaintiff, a claim is clearly unenforceable as a matter of law, then the motion should be granted and there is no right to recovery. *Scameheorn v Bucks*, 167 Mich App 302, 306; 421 NW2d 918 (1988).

In order to maintain an action for declaratory judgment, a plaintiff must demonstrate that an "actual controversy" exists between the parties. *Durant v Michigan (On Remand)*, 238 Mich App 185, 204; 605 NW2d 66 (1999); *Chrysler Corp v Home Ins Co*, 213

Mich App 610, 613; 540 NW2d 485 (1995). "Generally, an actual justiciable controversy exists where a declaratory judgment is necessary to guide a plaintiff's future conduct in order to preserve the plaintiff's legal rights." *Durant, supra* at 204. To demonstrate an actual controversy, a plaintiff must " 'plead and prove facts which indicate an adverse interest necessitating a sharpening of the issues raised.' " *Id.*, quoting *Fieger v Comm'r of Ins*, 174 Mich App 467, 470-471; 437 NW2d 271 (1988).

There was nothing adverse in plaintiffs' declaratory action against the township. Plaintiffs did not argue that the ordinance was unconstitutional or unenforceable in any way. Plaintiffs did not seek a ruling from the court that would have been detrimental to the township. In fact, in their brief on appeal, plaintiffs seem to contend that the township would be an ally in their fight against the Bielfields, stating, "[i]t was expected that Bloomfield Township would support the validity of Ordinance No. 340" and that the township had "an interest in the efficacy of its Ordinance 340." This language clearly demonstrates that there was no "actual controversy" between plaintiffs and the township. Even if all of plaintiffs' allegations are accepted as true, there is no action against the township. As such, plaintiffs' complaint for declaratory judgment failed to state a claim on which relief could be granted and summary disposition was proper.

Affirmed.

GRIBBS, P.J., concurred.

SAWYER, J. (*concurring in part and dissenting in part*). I respectfully dissent in part.

I agree with the majority the plaintiffs do not have standing to enforce the ordinance. *Comstock v Wheelock*, 63 Mich App 195, 202; 234 NW2d 448 (1975). Therefore, I agree that summary disposition in favor of the township was appropriate. However, I disagree that plaintiffs did not have standing to seek a declaratory judgment regarding their obligations under the easement with respect to the Bielfields.

First, as the majority acknowledges, the issue whether the township would enforce its ordinance is irrelevant to this case. However, plaintiffs are in a position where they have certain obligations under an easement that may or may not violate a local ordinance. Therefore, it is perfectly reasonable for them to seek a declaratory judgment to determine exactly what obligations under the easement, if any, they must meet in light of the restrictions imposed by the ordinance. The majority is simply wrong in its statement that plaintiffs are "seeking enforcement of the ordinance by requesting that the court declare that the Bielfields may not use the easement for riparian purposes." *Ante* at 605. With respect to the Bielfields, what plaintiffs are seeking is a determination of to what extent, if any, the easement is enforceable in light of the township's ordinance.

Plaintiffs are in an untenable position: they must determine if the easement violates the ordinance. If they reach the wrong decision on that issue, then they face the possibility of being sued by defendants for violating the easement or criminal enforcement by the township for violating the ordinance. To me, plaintiffs' position is perfectly reasonable: to seek a declaratory judgment of their obligations under the

easement so as to avoid the possibility of violating either the easement or the ordinance.

For these reasons, I conclude that plaintiffs are entitled to seek a declaratory judgment to determine the extent to which they are obligated to comply with the easement in light of the restrictions imposed by the ordinance. Plaintiffs have standing to obtain a declaratory judgment so as not to be put in the position of having to violate either the ordinance or the easement, or even both. Therefore, I would reverse the decision of the circuit court with respect to the summary disposition for the Bielfields.