*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GLYNNIS PRICE, DAN DEWOLF, JILL
DEWOLF, STEVEN BOLLAN, JAMES D.
CUTRIGHT, GARY GODLEWSKI, TIMOTHY
KELLOGG, GILBERT FOWLER, and DONALD
J. ROHAN,

        Plaintiffs-Appellants,

v

CHARTER TOWNSHIP OF BLOOMFIELD,

        Defendant-Appellee.

UNPUBLISHED
May 28, 2019

No. 344026
Oakland Circuit Court
LC No. 2017-162158-CK

Before: SAWYER, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Plaintiffs appeal as of right the circuit court's grant of summary disposition to defendant on their breach of contract claims, which were premised on Bloomfield Township's unilateral alteration of retiree healthcare benefits negotiated under four collective bargaining agreements (CBAs). We reverse and remand for further proceedings.

Plaintiffs are former command officers, detectives, and patrol officers who retired from the defendant Bloomfield Township's police department.[1] Plaintiffs initiated this action after defendant, in 2017, made unilateral changes to health care benefits for all retirees under the age of 65 (which included plaintiffs). Plaintiffs claimed that the changes violated the terms of their applicable CBAs and thus asserted claims of breach of contract against defendant, seeking specific performance and declaratory relief. Defendant moved for summary disposition under MCR 2.116(C)(8) and (10), arguing that, because the CBAs' healthcare provisions contained no durational clauses, retiree healthcare benefits ended when the CBAs expired, (i.e., the CBAs'

---

[1] Plaintiff Glynnis Price is the widow of former command officer John Price who retired from Bloomfield Township's police department.

general durational clauses controlled) and plaintiffs cannot demonstrate that they had a vested right to lifetime healthcare benefits prior to the expiration of the CBAs. The trial court rejected plaintiffs' arguments that specific provisions in the four CBAs rendered them ambiguous regarding whether their retiree healthcare benefits extended beyond the CBAs' general durational clauses and granted Bloomfield Township summary disposition under MCR 2.116(C)(10).

This Court reviews de novo the circuit court's grant of summary disposition under MCR 2.116(C)(10). *Gyarmati v Bielfield*, 245 Mich App 602, 604; 629 NW2d 93 (2001). A party is entitled to summary disposition under MCR 2.116(C)(10) if, after consideration of all documentary evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *In re Estate of Koch*, 322 Mich App 383, 392; 912 NW2d 205 (2017). The interpretation of a collective-bargaining agreement is a question of law subject to de novo review. *Arbuckle v Gen Motors LLC*, 499 Mich 521, 531; 885 NW2d 232 (2016). "A reviewing court interprets a collective bargaining agreement 'according to ordinary principles of contract law, at least when those principles are not inconsistent with federal labor policy.' " *Id.*, quoting *M & G Polymers USA, LLC v Tackett*, 574 US __; 135 S Ct 926, 933; 190 L Ed 2d 809 (2015).

When a collective bargaining agreement is silent regarding the duration of retiree benefits, a court may not infer that the parties intended that those benefits would vest for life. *Arbuckle*, 499 Mich at 540, citing *Tackett*, 135 S Ct at 937; see also *Gallo v Moen Inc*, 813 F3d 265, 269 (CA 6, 2016) (applying *Tackett* and noting that "[w]hen a specific provision of the CBA does not include an end date, we refer to the general durational clause to determine that provision's termination."). As we noted in *Kendzierski v Macomb Co*, 319 Mich App 278; 901 NW2d 111 (2017), lv pending, however, *Tackett* "clarified that its holding did not preclude a conclusion that the parties intended for the lifetime benefits to vest, so long as ordinary contract principles were used to reach that conclusion." *Id.* at 284, citing *Tackett*, 135 S Ct at 937. And in *CNH Indus NV v Reese*, ___US___; 138 S Ct 761, 765; 200 L Ed 2d 1 (2018), the Supreme Court observed, in reversing the Sixth Circuit's determination that the CBA in that case was ambiguous, that the Sixth Circuit "did not point to any explicit terms, implied terms, or industry practice, suggesting that the . . . agreement vested healthcare benefits for life."

To establish that a right to healthcare benefits has vested, a plaintiff must show that " '(1) he or she had a contractual right to the claimed benefit that was to continue after the agreement's expiration, and (2) the right was included in his or her respective contract at the time of retirement.' " *Kendzierski*, 319 Mich App at 283, quoting *Harper Woods Retirees Ass'n v Harper Woods*, 312 Mich App 500, 511; 879 NW2d 897 (2015).

Under *Kendzierski*, 319 Mich App at 286-287, on which plaintiffs relied, the circuit court in this case erred by not analyzing the CBA provisions plaintiffs cited. Specifically, the court should have analyzed the provisions stating that a member who separates from employment before full retirement age qualifies for retiree healthcare benefits upon eligibility for a pension- at an age requirement that extends beyond the CBAs' general durational clauses, and the survivor-benefit provisions that continue healthcare coverage following the retiree's death. *Kendzierski* held that CBA provisions similar to those plaintiffs relied on in the instant case created a latent ambiguity regarding whether the retirees' healthcare benefits were vested:

-2-

We disagree with the trial court's conclusion that the CBAs are unambiguous . . . . These CBAs are silent on the issue of whether the healthcare benefits vested. Each exemplar CBA states that defendant will provide fully paid medical benefits. However, the CBAs do not expressly state whether the benefits were promised indefinitely or only for the duration of the CBA.

As noted by plaintiffs in their brief on appeal, *other contract language creates a latent ambiguity regarding whether the healthcare benefits are vested. For example, the CBAs contain a "survivor" option permitting continuation of a surviving spouse's healthcare coverage following the death of the retiree. The fact that this provision contemplates that coverage will continue until, and even after, the death of the retiree indicates that the parties intended that the healthcare coverage would last beyond the three-year term of the individual CBAs.* In addition, the CBAs provide that the agreement may be terminated if the retiree fails to enroll in Medicare at age 65. This provision again contemplates that the coverage outlasts the three-year period of the CBA given that a retiree may retire years before turning 65. Furthermore, the CBAs provide that healthcare coverage is suspended while the retiree has coverage through another employer but then states that coverage through the CBA recommences once the coverage through the other employer ends. Once again, this contract provision indicates that the parties contemplated that the retirees will receive healthcare benefits far beyond the three-year terms of the CBAs. *Accordingly, we conclude that the CBAs contain a latent ambiguity with regard to whether the parties intended for the retiree benefits to vest, and the trial court properly examined extrinsic evidence to determine the meaning of the CBAs.* [*Kendzierski*, 319 Mich App at 286-287 (emphasis added).]

As in *Kendzierski*, we conclude that specific CBA provisions plaintiffs identified in the applicable CBAs rendered the CBAs ambiguous regarding whether the parties intended for retiree healthcare benefits to vest. Therefore, summary disposition was inappropriate and the court should have allowed discovery to continue to allow the parties to present extrinsic evidence regarding the parties' actual intent. Accordingly, we reverse to allow this review to occur. In light of our disposition we do not address plaintiffs' remaining issues, none of which is dispositive.

We reverse the circuit court's grant of summary disposition to Bloomfield Township and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto

-3-