*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HASSAM Z. HNRI and LINDA A. SABBAGH,

Plaintiffs-Appellants,

v

CITY OF NOVI,

Defendant-Appellee,

and

RAFFAELA HAINBUCHNER, KATHY L.
NORTH, WALLED LAKE CONSOLIDATED
SCHOOL DISTRICT, VINCENT KOZA,
CHARLES O. MILLER, MANDY SMITH,
KEVIN C. WATSON, MICHAEL A. MURPHY,
and NICK PALISE II,

Defendants.

UNPUBLISHED
November 7, 2019

No. 345408
Oakland Circuit Court
LC No. 2017-160098-CH

Before: RONAYNE KRAUSE, P.J., and METER and GLEICHER, JJ.

PER CURIAM.

Hassam Hnri and Linda Sabbagh purchased real property in Novi at a foreclosure sale. At some point in the chain of title, a road-access easement was mistakenly altered, leaving the lots without ingress and egress to New Court Road. Apparently without realizing this deed problem, plaintiffs applied to the city of Novi to subdivide and develop their property. Novi denied the application, deeming plaintiffs' parcels to be landlocked. Plaintiffs filed a quiet title against the city and the neighboring landowners, which included the Walled Lake School District. Through discovery, plaintiffs learned that their property historically had an easement across the school district's property to connect to New Court Road. Plaintiffs reached a settlement with the school district and regained that easement. This should have been the end of the suit; plaintiffs should have recorded the judgment with the register of deeds to perfect their property right and filed an amended land division application with the city.

-1-

The circuit court summarily dismissed plaintiffs' quiet title action against the city before entering the final judgment. Plaintiffs want to revive that action. However, the city does not own the subservient estate over which the easement runs and has not had the opportunity to consider plaintiffs' land division application with correct road-access information. Summary disposition was appropriate when granted and we can award no further relief at this time. We affirm.

## I. BACKGROUND

Plaintiffs purchased property in Novi at a foreclosure sale. The property is comprised of two parcels near New Court Road and Novi Road. On January 31, 2017, plaintiffs filed an application with the city of Novi to divide the land under the Land Division Act, MCL 560.101 *et seq.*, so it could be developed for residential uses. The city denied the application because "[t]he division will create a land locked parcel. The land locked parcel would be the remainder parcel to the west and would not have access to a public road." Although plaintiffs' parcels face New Court Road, they do not abut it. Accordingly, they required an easement to cross neighboring property to reach New Court Road. Plaintiffs' deed from Fannie Mae included "a right of way . . . easement to a public highway over Lot 34 of Shore Acres Subdivision." However, the Fannie Mae deed omitted necessary language describing the easement included in earlier deeds. Without the subject language, it appeared that plaintiffs' easement "terminate[d] one lot short of reaching" New Court Road, "a private road that eventually connects to a public road at East Lake Drive."

Plaintiffs sought to resolve the question of access by filing a quiet title action against the city and various neighboring landowners. Through the litigation plaintiffs discovered that an easement appurtenant ran with their land and that its written description had been altered in the chain of title at some point. The parcel over which plaintiffs' historic easement ran belonged to the Walled Lake School District. As such, the court dismissed plaintiffs' claims against the other individual landowners. And plaintiffs and the school district ultimately agreed upon an easement and entered a stipulated judgment in that regard.

Before the school district and plaintiffs reached a consensus, the circuit court summarily dismissed plaintiffs' claims against the city. Plaintiffs claimed that the city was still a necessary party because it also had an easement across the school district's property for a bike trail and that the parameters of those easements had to be resolved. The city injected alternative reasons for denying plaintiffs' land division application, but also asserted on the record, "We are not trying to interfere with his development right." The city also complained that plaintiffs had omitted a necessary party—Fannie Mae—from their lawsuit.

The circuit court dismissed plaintiffs' quiet title claims against the city because the record evidence supported that the city did "not claim an interest in the properties at issue in this case." The court subsequently denied plaintiffs' motion for reconsideration. Plaintiffs now appeal the summary dismissal of their claims against the city, raising a slew of arguments.

## II. JURISDICTION

The city contends that this Court lacks jurisdiction to hear plaintiffs' appeal. Pursuant to MCR 7.203(A)(1), this Court "has jurisdiction of an appeal of right filed by an aggrieved party from . . . [a] final judgment or final order of the circuit court." A final judgment or order is "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties." MCR 7.202(6)(a)(*i*). An "aggrieved party" on appeal "must demonstrate an injury arising from either the actions of the trial court or the appellate court judgment rather than an injury arising from the underlying facts of the case." *Federated Ins Co v Oakland Co Rd Comm*, 475 Mich 292; 715 NW2d 846 (2006). Plaintiffs in this case were aggrieved because the circuit court summarily dismissed their claims against the city and we may review the propriety of that decision.

The city contends that plaintiffs' appeal against it was rendered moot by its settlement with the school district. "An issue is moot if an event has occurred that renders it impossible for the court, if it should decide in favor of the party, to grant relief." *City of Warren v Detroit*, 261 Mich App 165, 166 n 1; 680 NW2d 57 (2004). The stipulated judgment that closed this case gave plaintiffs the road access they sought in the first amended complaint. At the earlier hearing on the city's motion for summary disposition, however, plaintiffs contended that the city also had an easement across the school district's property that might interfere with their easement. The city's attorney replied, "Your Honor, my opinion is concurrent easement is not an adverse interest to plaintiff's interest. It's just a nonexclusive easement to use the same right-of-way that he's claiming a right to." The city further asserted that it had no "objection" to plaintiffs "clean[ing] up [their] ability to have access over the property." The circuit court determined that the city "does not claim an interest in the properties at issue in this case." Although the existence of plaintiffs' easement has been definitively determined, a court could potentially have resolved the parameters of the easement compared to that of the city. Therefore, this appeal is not moot.

## III. SUMMARY DISPOSITION

The circuit court properly granted summary disposition in the city's favor. We review de novo a circuit court's decision to grant summary disposition. *Petersen Fin, LLC v City of Kentwood*, 326 Mich App 433, 441; 928 NW2d 245 (2018). "Summary disposition is proper under MCR 2.116(C)(10) if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Walrath v Witzenmann USA, LLC*, 320 Mich App 125, 130; 904 NW2d 875 (2017) (cleaned up).[1] "We consider the affidavits, pleadings, depositions, admissions, and other documentary evidence in the light most favorable to the nonmoving party." *Id*.

---

[1] This opinion uses the parenthetical (cleaned up) to improve readability without altering the substance of the quotation. The parenthetical indicates that nonsubstantive clutter such as brackets, alterations, internal quotation marks, and unimportant citations have been omitted from the quotation. See Metzler, *Cleaning Up Quotations*, 18 J App Pract & Process 143 (2017).

Plaintiffs sought a declaratory judgment of their property rights. "In order to maintain an action for declaratory judgment, a plaintiff must demonstrate that an 'actual controversy' exists between the parties." *Gyarmati v Bielfield*, 245 Mich App 602, 605; 629 NW2d 93 (2001). "To demonstrate an actual controversy, a plaintiff must plead and prove facts which indicate an *adverse interest* necessitating a sharpening of the issues raised." *Id*. at 606 (cleaned up, emphasis added).

The circuit court properly determined that the evidence showed no adverse interest between the city and plaintiffs. MCL 600.2932(1) permits actions to quiet title as follows:

> Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts *against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff*, whether the defendant is in possession of the land or not. [Emphasis added.]

The city presented an affidavit from the city assessor denying any ownership interest in the subject property, which is owned by the school district alone. The city also presented a "pathway easement" recorded on August 20, 2014, describing the city's easement on the school district's property: "a permanent, nonexclusive easement solely to construct, install[,] operate, maintain, repair and/or replace . . . a public paved non-motorized pathway over, across and through" a specific portion of the school district's property. The city was permitted to construct "an 8-foot wide pathway" and to engage in "grading, fencing, tree removals, and related activities." Regarding the nonexclusive nature of the city's easement, the conveying document stated:

> The easement, rights, and privileges granted herein are nonexclusive, and [the school district] reserves and retains the right . . . to convey similar easements and rights to such other persons as [the school district] may deem proper provided such similar easements do not affect [the city's] Easement or allow for or result in the placement or erection of temporary or permanent obstructions in the Pathway Easement Area.

The city presented evidence and its counsel repeatedly stated on the record that its easement on the school district's property was "nonexclusive" and that the city had no intention of using its easement to interfere with plaintiffs' development.

> A nonexclusive easement in gross is one which does not give, as against the owner of the servient tenement and others who may be privileged under him, the sole privilege of making the use authorized by the easement. In the case of such an easement the owner and possessor of the servient tenement has not only the privilege himself to make the use authorized by the easement, but he retains the power to create like privileges in others. [Restatement Property, 1st, § 493, p 3055.]

More concisely, "[a] nonexclusive easement is established if the servient owner retains the privilege of sharing the benefit conferred by the easement." 28A CJS, Easements § 222, p 620. Both the city and plaintiffs could have an easement over the same portion of the school district's land. The nonexclusive nature of the city's easement meant that the school district and its predecessors in interest reserved the right to grant other easements. The city's right to use the easement was not at odds with plaintiffs. Accordingly, there was no adverse or inconsistent interest to resolve and the circuit court properly dismissed plaintiffs' claims against the city.

Plaintiffs continue to emphasize that the city denied their land division application because they did not have an access easement. This point of contention was not yet ripe to resolve judicially. Plaintiffs have now resolved the access issue with the subservient landowner—the school district. Plaintiffs' recourse is to record the stipulated judgment to place their access easement on record and then to file an amended request to divide their property for development.[2] The city may no longer base its decision on the lack of access. Plaintiffs also continue to raise a number of complaints reflecting annoyance at having to file this lawsuit in the first instance. Ultimately, however, the description of plaintiffs' easement was incorrectly transcribed at some point in the chain of title and the city in the land division application process had no authority to correct that error and encumber a third party's property. The city also raised several arguments in the circuit court that expanded the focus beyond the existence of plaintiffs' easement over the school district's property, providing alternative grounds that may have supported denial of plaintiffs' land division application. Those arguments were not relevant to the issue before the circuit court and were not ripe for judicial review as they had not been resolved through the city's administrative processes.

## IV. AMENDMENT OF THE COMPLAINT

Plaintiffs further challenge the circuit court's denial of their motion to file a second amended complaint, a request made in the face of the city's summary disposition motion. We review for an abuse of discretion a lower court's resolution of a motion to file an amended complaint. *Sanders v Perfecting Church*, 303 Mich App 1, 8-9; 840 NW2d 401 (2013). "Leave [to amend] shall be freely given when justice so requires," MCR 2.118(A)(2), and should be denied only for limited particularized reasons. *Lane v KinderCare Learning Ctrs, Inc*, 231 Mich App 689, 697; 588 NW2d 715 (1998).

The proposed second amended complaint proffered by plaintiffs merely added the 1945 deed from the original owner of the relevant properties now owned by plaintiffs, the city, and the school district to show the historical birth of the disputed easement. The circuit court failed to resolve this motion until after it had dismissed plaintiffs' claims against the city and the other individual private landowners. However, any error in this regard was ultimately harmless. Plaintiffs entered a stipulated judgment with the school district that provided the same easement

---

[2] The ability to record the judgment negates the city's claim that Fannie Mae and its law firm were necessary parties to this lawsuit; a recorded judgment achieves the same goal as deed reformation.

that had historically existed and that had been erroneously omitted at some point in plaintiffs' chain of title. There is no further relief this Court could order in this regard.

We affirm. No costs are awarded under MCR 7.219(A).

/s/ Amy Ronayne Krause
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher