*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VILLAGE OF NEW HAVEN,

       Plaintiff-Appellant,

v

NEW HAVEN TOWN CENTER, LLC,

       Defendant-Appellee.

UNPUBLISHED
September 28, 2023

No. 360939
Macomb Circuit Court
LC No. 2020-000975-CZ

Before: SHAPIRO, P.J., and M. J. KELLY and CAMERON, JJ.

PER CURIAM.

In this action to void a lease between the parties, plaintiff appeals by delayed leave granted[1] the trial court's order granting summary disposition in favor of defendant on plaintiff's sole remaining claim for declaratory relief. We affirm.

## I. BASIC FACTS

Plaintiff desired to build new offices for its municipal business. In November 2004, the New Haven Village Council (the Council) unanimously approved the acceptance of a proposal by defendant, in which defendant would construct buildings meeting plaintiff's specifications on defendant's land and then lease that property to plaintiff. In January 2005, Kenneth Sims, the President of the Council, sent a letter to defendant confirming plaintiff's intent to proceed with the lease. At a meeting in February 2005, the Council approved the terms of the lease with defendant in a 4-3 vote. Three days after that meeting, plaintiff and defendant executed the lease. The lease provided that plaintiff would pay a monthly rent of $16,500, which correlates to a yearly rent of $198,000, for a term of 25 years. The parties also agreed that plaintiff would pay, as additional rent, all taxes on the property, and the lease contained an option to purchase for $3,500,000. At an August 2005 Council meeting, one of the Council members voiced his desire to withdraw his previous "yes" vote on the lease's approval and to change it to a "no" vote. The resolution to

---

[1] *Village of New Haven v New Haven Town Center LLC*, unpublished order of the Court of Appeals, entered September 23, 2022 (Docket No. 360939).

change the member's vote passed by a 5-2 vote. At the Council meeting in October 2005, a different council member proposed to "terminate and cancel" the lease, but the resolution failed by a 3-4 vote.

Almost 15 years later, plaintiff filed the instant action, alleging nine counts: (1) breach of contract, (2) breach of warranty, (3) fraudulent misrepresentation, (4) negligent misrepresentation, (5) fraud in the inducement, (6) breach of covenant of good faith and fair dealing, (7) violation of public policy, (8) unjust enrichment, and (9) declaratory relief. Relevant to this appeal, plaintiff alleged in its claim for declaratory relief that the lease was void *ab initio* as against public policy, because, among other things, the Council's approval of the lease without taking any bids was in contravention of a local ordinance.

In lieu of filing an answer, defendant moved for summary disposition on all counts. The trial court granted summary disposition on seven of the counts on the basis that the respective statutes of limitation barred those claims. With respect to the remaining two counts—violation of public policy and declaratory relief—the trial court dismissed the public policy claim because it was substantively the same as the request for a declaratory judgment, and denied summary disposition on the count seeking declaratory relief because discovery had not been completed. However, the trial court allowed defendant to refile its motion after the completion of discovery.

After the close of discovery, defendant again moved for summary disposition on the sole remaining claim for declaratory relief. Defendant argued the claim should be dismissed because it could not stand on its own and because the underlying claims had already been dismissed. Defendant also argued the claim was barred by the statute of limitations and the doctrine of laches. Lastly, defendant asserted that, even if the claim was timely, it failed as a matter of law because the lease was not violative of public policy. In response, plaintiff argued the lease was against public policy. Notably, plaintiff did not address defendant's argument regarding the no-bid character of the lease. Instead, plaintiff argued that because one of the Council members rescinded his vote in August 2005, the February 2005 vote approving the lease was no longer valid. Additionally, plaintiff disputed defendant's arguments pertaining to the claim for declaratory relief being barred by the statute of limitations and the doctrine of laches.

The trial court granted defendant's motion for summary disposition. Citing *Mahoney v Lincoln Brick Co*, 304 Mich 694, 706; 8 NW2d 883 (1943), the trial court ruled the lease was not violative of public policy, reasoning that "there [did] not appear to be any 'evil tendency' in the contract at issue." The trial court further rejected plaintiff's position that the lease was never approved by the Council. The trial court noted the record showed the lease was approved on February 11, 2005, and there was no legal support for plaintiff's position that the rescission of a Council member's vote can unilaterally void a valid contract six months after its execution.

Plaintiff moved for reconsideration, arguing the trial court failed to address its allegations that the lease violated public policy because it was not solicited through competitive bidding as required by ordinance, and because the lease did not adequately describe the property conveyed. The trial court denied the motion because plaintiff "failed to respond to [defendant's raising of these] issues with specific facts to show that there was a genuine issue for trial."

## II. ANALYSIS

Plaintiff argues the trial court should have denied defendant's second motion for summary disposition because there were questions of fact regarding whether the lease violated a local ordinance requiring competitive bidding and because there were questions of fact regarding whether the lease inadequately described the premises.[2]  We disagree.[3]

## A.  LACK OF COMPETITIVE BIDDING

At the time the lease was executed, New Haven Village Ordinance No. 280 provided:

> SECTION 3.    Any expenditure for supplies, materials, equipment, construction projects or contracts obligating the Village in an amount in excess of One Thousand Five Hundred ($1,500.00) Dollars shall be governed by the provisions of this Section:
>
> A.  Such expenditures shall be made the subject of a written contract when directed by the Village Council. . . .
>
> B.  The Village Council, or a person designated by it, shall solicit bids from a reasonable number of such qualified prospective bidders as are known to them or him, by sending each a copy of the notice requesting bids, and notice thereof shall

---

[2] Defendant argues that plaintiff's arguments regarding the nature of the bidding and the property description were not preserved for appellate review because they were not raised until the motion for reconsideration.  However, a party need not object to a decision of the trial court in order to preserve it for appellate review.  MCR 2.517(A)(7); see also *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020).  Accordingly, we will consider the issues.

[3] A trial court's decision on a motion for summary disposition is reviewed de novo.  *Gyarmati v Bielfield*, 245 Mich App 602, 604; 629 NW2d 93 (2001).  This Court also reviews a trial court's interpretation of an ordinance de novo.  *Kircher v Ypsilanti*, 269 Mich App 224, 228; 712 NW2d 738 (2005).

Initially, although defendant moved for summary disposition under MCR 2.116(C)(7), (8), and (10), the citation to MCR 2.116(C)(7) only pertained to defendant's statute-of-limitations arguments, and defendant's arguments otherwise did not substantively address MCR 2.116(C)(8).  Thus, the trial court properly considered the motion pursuant to MCR 2.116(C)(10).

When deciding whether summary disposition is proper under MCR 2.116(C)(10), a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted by the parties in a light most favorable to the party opposing the motion.  MCR 2.116(G)(5); *Greene v A P Prods, Ltd*, 475 Mich 502, 507; 717 NW2d 855 (2006).  The motion is properly granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  *Zsigo v Hurley Med Ctr*, 475 Mich 215, 220; 716 NW2d 220 (2006).

be posted in the Village Hall. Bids may also be solicited by newspaper advertisement when directed by the Village Council.

\* \* \*

SECTION 4. Competitive bidding shall not be required in the following cases:

A. Where the subject of the contract is other than a public work or improvement costing in excess of One Thousand Five hundred ($1,500.00) Dollars, and the product or material contracted for is not competitive in nature and no advantage to the Village would result from requiring competitive bidding, and the Village Council authorizes execution of a contract without competitive bidding.

B. In the employment of professional services.

C. Where the Village Council shall determine that the public interest will be best served by purchase from, or a joint purchase from another unit of Government.

D. Where the Village elects to undertake the work itself. [Village of New Haven, Ordinance No. 280.[4]]

Plaintiff first argues that the trial court erred by granting defendant's motion because defendant failed carry its burden by presenting evidence to support its position. If the nonmoving party has the burden to prove the claim at trial, "[t]he moving party may . . . satisfy its burden under MCR 2.116(C)(10) by submitting affirmative evidence that negates an essential element of the nonmoving party's claim, or by demonstrating to the court that the nonmoving party's evidence is insufficient to establish an essential element" of the claim." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016) (quotation marks and citation omitted, brackets omitted). However, while the motion on the multiple claims initially filed by plaintiff was heard under MCR 2.116(C)(10), the claims before us on appeal concern a legal issue, not a factual dispute.[5]

Plaintiff argues summary disposition should not have been granted because plaintiff provided evidence establishing a question of fact regarding whether the lease was against public

---

[4] Ordinance No. 280 was in effect when the lease was approved by the Council in 2005. The provisions have since been amended and are reflected in the present New Haven Village Code, §§ 89-3 and 89-4. See <https://ecode360.com/10417700> (accessed August 25, 2023). The primary difference is that, while the old version set a $1,500 threshold amount to trigger competitive bidding, the current version sets the threshold amount at $4,000.

[5] For this reason, we need not address plaintiff's claim that defendant could not establish a question of fact on the basis of the legal advice given to the Council that the law did not require competitive bidding. Further, we do not rely on the 2005 legal opinion in reaching our conclusions.

policy by not being subject to the competitive-bidding mandate of Ordinance No. 280.[6] However, the lease at issue was not subject to competitive bidding under Ordinance No. 280, because the circumstances in this case fall under an ordinance exception to competitive bidding:

> Where the subject of the contract is other than a public work or improvement costing in excess of One Thousand Five hundred ($1,500.00) Dollars, and the product or material contracted for is not competitive in nature and no advantage to the Village would result from requiring competitive bidding, and the Village Council authorizes execution of a contract without competitive bidding. [New Haven Village Ordinance No. 280, § 4(A).]

We conclude the contract did not violate Ordinance No. 280 because the lease did not constitute a "public works," and, given the circumstances, plaintiff would not have received an advantage by using competitive bidding. The term "public works" is defined as "works (as schools, highways, docks) constructed for public use or enjoyment esp. when financed and *owned* by the government." *Merriam-Webster's Collegiate Dictionary* (11th ed) (emphasis added). In this instance, although plaintiff has possession of the property at issue, it does not own the property. Therefore, the property and buildings forming the subject of the lease are not "public works" as the term is generally understood.

Further, plaintiff has no basis to assert that competitive bidding would have given it an advantage. The contract was for the leasing of real property at a particular location.[7] There is no dispute defendant owned the real property, and it is well established that real property is "unique." *In re Smith Trust*, 480 Mich 19, 27; 745 NW2d 754 (2008). There was no meaningful way to obtain competitive bids when defendant was the *only* party who could enter into the lease with plaintiff for *this* specific property. To require competitive bidding in this instance would have been an exercise in futility, because only one "contractor" could bid.

Moreover, even if Ordinance No. 280 was violated, plaintiff would not be entitled to any relief. The facts of this case are analogous to those in *Hatch v Maple Valley Twp Unit Sch*, 310 Mich 516; 17 NW2d 735 (1945), in which a contractor brought suit against a school district for unpaid bills. The school district argued, in part, that the contract was void because there was no advertising for and receiving of competitive bids, which was contrary to statute. *Id*. at 521, 530-531. The Supreme Court ruled that "[a] municipality cannot retain the benefits of a contract which has been fully performed by the other party, and which is neither *malum prohibitum* nor *malum in se*, and at the same time deny the validly of the contract because of defects in the manner of its

---

[6] "[A]s a general matter, . . . contracts founded on acts prohibited by a statute, or contracts in violation of public policy, are void." *Johnson v QFD, Inc*, 292 Mich App 359, 365; 807 NW2d 719 (2011) (quotation marks and citation omitted).

[7] The fact that defendant was also going to construct some buildings on the premises before plaintiff would take possession is beside the point. The fact remains the lease was for specific real property owned by defendant, which plaintiff would lease for the price of $16,500 a month for a 25-year term.

execution." *Id*. at 535 (quotation marks and citation omitted).  The Court therefore held the school board could not avoid the contract.  *Id*. at 536.

Although plaintiff in this case would not be "retain[ing]" any benefits if allowed to walk away from the lease, the same result in *Hatch* should apply here, because defendant, at its own cost, fully performed the construction of the buildings and anticipated recouping that investment over a 25-year rental term with plaintiff.  Plaintiff's attempt to distinguish *Hatch* is unpersuasive.  Plaintiff claims it should be allowed to void the lease because it has already paid defendant more than $3 million, and because defendant, as the true property owner, would be able to retain the buildings and property.  However, this ignores the fact that defendant agreed to construct the buildings and lease the premises to plaintiff in exchange for total lease payments of $4,950,000, which is substantially more than the $3 million paid by plaintiff.  Furthermore, the amount of lease payments made thus far is less than the $3,500,000 option-to-purchase price.  In other words, defendant anticipated making this deal if it received a minimum of $3,500,000 (but likely much more), and, at the time of this suit, plaintiff had not even paid that amount.  Thus, although *Hatch* is not directly on point, it is analogous.  Plaintiff cannot void the lease even if it were subject to the competitive bidding requirements of Ordinance No. 280.

## B.  INADEQUATE DESCRIPTION OF PREMISES

Plaintiff's position that defendant failed to present evidence showing the lease's description of the premises was adequate is based on the principle that, in order for a lease to be valid, it must contain, among other things, "an adequate description of the leased premises." *De Bruyn Produce Co v Romero*, 202 Mich App 92, 98-99; 508 NW2d 150 (1993).  We agree with the trial court that plaintiff failed to raise or address this issue until its motion for reconsideration despite the fact that defendant's motion for summary disposition identified and addressed this potential issue.  Accordingly, we agree with the trial court that plaintiff "failed to respond to those issues with specific facts to show that there was a genuine issue for trial," and so see no basis for relief.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Michael J. Kelly
/s/ Thomas C. Cameron

-6-